COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Felton and Haley
Argued at Richmond, Virginia


LAURA ANNE EASTON

                                               MEMORANDUM OPINION[*] BY
v.        Record No. 2119-04-2               JUDGE RUDOLPH BUMGARDNER, III
                                                     JUNE 28, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF GREENE COUNTY
                            Daniel R. Bouton, Judge

            Adam C. Rhea for appellant.

            Leah A. Darron, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


        Laura Anne Easton appeals her conviction of driving under the influence, first offense,

Code § 18.2-266, and the enhanced punishment imposed under Code §§ 18.2-270(A) and

18.2-270(D).  She maintains the blood alcohol certificate was not admissible because the

arresting officer did not observe her drive on a public highway.  Finding no error, we affirm.

        We view the evidence and the reasonable inferences fairly deducible therefrom in the

light most favorable to the Commonwealth.  Dugger v. Commonwealth, 40 Va. App. 586, 589,

580 S.E.2d 477, 479 (2003).  Deputy Tim Brown was dispatched to the defendant's residence in

Greene County to check on her well-being because she had previously threatened to commit

suicide.  He arrived at 3:32 p.m. and found the defendant parked in her driveway sitting in the

driver's seat.  A young girl with a backpack sat in the passenger seat, and an infant was in the

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

back seat. The engine was not running but the keys were still in the ignition, and the radio was blaring.

The deputy asked if everything was all right, and the defendant "said everything was fine." She explained that "she just came back from the school from picking up" her daughter and was "listening to the radio before they went inside the residence." The deputy detected an odor of alcohol about the defendant and asked her to exit the vehicle. The defendant swayed, her eyes were glassy and bloodshot, her complexion was pale, and her speech was slurred. The defendant admitted she drank approximately five beers between 10:00 a.m. and 1:30 p.m. and felt the effects of the alcohol. She told the deputy she left her house at 2:50 p.m., drove to pick up her daughter from school, and stopped off at a gas station on the way home. The defendant performed the field sobriety tests poorly.

The parties stipulated that the school let out at 3:00 p.m. that day, the girl was usually picked up between 3:10 and 3:20 p.m., and no record showed she was dismissed early. The defendant had to drive on a public highway to get from her home to the school.

The deputy arrested the defendant at 4:01 p.m. for operating a vehicle under the influence of alcohol in violation of Code § 18.2-266. He advised her of the implied consent law, and she submitted to a blood test. The certificate of analysis indicated her blood alcohol content was .31 percent by weight by volume. A toxicologist testified that to reach that level, a person would have to consume between ten and eleven alcoholic drinks.

The trial court admitted the certificate of analysis. It stated,

> Taken as a whole, all of the evidence establishes that the defendant
> was operating a motor vehicle on the day in question as stated and
> that she left her home and went to the school to pick up her
> children and returned home and was apprehended by the officer at
> the driveway of her home.

The defendant maintains the certificate of analysis was inadmissible. She argues the officer did not see her operate on a public highway and no evidence proved continuity between driving on the public highway and on her private property.

The defendant concedes she was lawfully arrested for violating Code § 18.2-266. The officer observed conduct that gave him probable cause to believe the defendant committed a misdemeanor in his presence. Operating a motor vehicle while under the influence need not occur on public property and may occur on private property. Mitchell v. Commonwealth, 26 Va. App. 27, 35-36, 492 S.E.2d 839, 843 (1997). The officer was authorized to arrest her for unlawful conduct he observed. An officer is authorized to arrest "without a warrant, any person who commits any crime in the presence of the officer . . . ." Code § 19.2-81.

The defendant admitted she had just returned from picking up her daughter at school, before the officer detected the odor of alcohol on her. She left her house at 2:50 p.m., and the officer arrived at 3:32 p.m. The daughter was in the car with her backpack. Moreover, the defendant stated she was listening to the radio before going inside her house. After determining that the defendant was under the influence of alcohol and that she had "just" been driving on a public highway, the officer advised her of the implied consent law.

Code § 18.2-268.2(A) provides that any person

> who operates a motor vehicle upon a highway . . . shall be deemed thereby . . . to have consented to have samples of his blood . . . taken for a chemical test to determine the alcohol . . . content of his blood, if he is arrested for violation of Code § 18.2-266 . . . within three hours of the alleged offense.

From the officer's observations and the defendant's admissions, the trial court could reasonably find that the defendant pulled into her driveway after driving on a public highway, while under the influence of alcohol, with minors in the vehicle, and did so within one hour of her arrest. The

evidentiary requirements of the implied consent statute were satisfied, and the trial court did not err in admitting the certificate of analysis.

The defendant conceded that the trial court properly imposed the enhanced punishment for having a blood alcohol content above .25 and for transporting a minor if the certificate of analysis was admissible. Accordingly, we affirm.

<u>Affirmed.</u>